UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN McCABE,<br><br>                              *Plaintiff*,<br><br>          -against-<br><br>CVS HEALTH CORPORATION,<br><br>                            *Defendant*. | 1:22-cv-3116<br><br>**COMPLAINT** |

## PARTIES

1.      Plaintiff, Kevin McCabe ("McCabe"), resides in the Eastern District of New York and is a citizen of the State of New York.

2.      Defendant, CVS Health Corporation ("CVS"), is a corporation organized and existing under the laws of Delaware, and maintains its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. Section 1332(d)(2)(A).

4.      The matter in controversy would exceed an aggregated sum or value of $5,000,000, exclusive of interest and costs, if the putative class (described below) were certified.

5.      Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

6.      At least two thirds of the members of the putative class are not citizens of the State of New York.

**[continued on next page]**

1

## FACTS

7.      From November 2, 2021, through November 27, 2021, CVS conducted a campaign (the "Campaign") in which, prior to the completion of transactions at its nearly ten thousand stores in the 50 States and the District of Columbia, customers were asked on the checkout screen if they wished, as part of the checkout process, to make a donation, above and beyond the price of their purchase, to the American Diabetes Association ("ADA").

8.      The only term of the Campaign that CVS provided to customers was a representation on the checkout screen that the customer could make a donation to the ADA (a "Campaign Donation") by tapping one of several boxes on the checkout screen, each of which contained a pre-selected amount, or that the customer could tap a box stating "no" with respect to making a Campaign Donation (the "Checkout Message").

9.      The Checkout Message represented that CVS was merely collecting Campaign Donations and forwarding them to the ADA.

10.     The Checkout Message was a material element of the Campaign.

11.     CVS intended that customers would rely upon the Checkout Message in deciding whether to make a Campaign Donation.

12.     Customers had no reason to believe that the Checkout Message was anything but true and accurate.

13.     CVS did not merely collect customers' Campaign Donations and forward them to the ADA, but, instead, counted Campaign Donations toward the satisfaction of a legally binding obligation, which CVS had made to the ADA, to donate $10 million to the ADA during the three-year period of 2021 through 2023 (the "CVS Obligation").

14.     CVS necessarily used Campaign Donations to reimburse itself, or pay down its debt, with respect to the CVS Obligation.

15.     CVS's treatment of, and benefit from, Campaign Donations were materially different than the false, deceptive, and misleading representation that CVS had given to its customers, which was that CVS was merely collecting Campaign Donations and forwarding them to the ADA.

16.     On or about November 15, 2021, McCabe made a Campaign Donation at the CVS store located at 1933 Victory Boulevard, Staten Island, New York  10314.

## INTENTION TO REPRESENT A CLASS

17.     McCabe intends to seek the certification of a class (the "Putative Class") pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

18.     The Putative Class comprises McCabe and all other persons who made a Campaign Donation.

19.     There are thousands of other members of the Putative Class whose claims would be similar to McCabe's claims; and, furthermore, McCabe's claims are typical of those claims.

20.     The members of the Putative Class are so numerous that joinder of all of them is impracticable.

21.     McCabe would fairly and adequately protect the interests of the other members of the Putative Class. McCabe's interests would be, for purposes of this litigation, coincident with the interests of the other members of the Putative Class, and McCabe would have no interests that would be antagonistic to, or in conflict with, the other members of the Putative Class.

22.     A class action would be superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Putative Class is so numerous that joinder of all of its members would be impracticable, and because the damages sustained by most of the individual members would be too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation would make it impractical for all of the members to adequately address the wrongs complained of herein. McCabe knows of no

3

impediments to the effective management of this action as a class action.

23.     Common questions of law and fact predominate over questions that affect only individual Class Members. Among these questions are:

(i) whether CVS conducted the Campaign;

(ii) whether, when a customer checked out of a CVS store during Campaign, he was asked on the checkout screen if he wished, as part of the checkout process, to make a Campaign Donation;

(iii) whether the only term of the Campaign that was provided was the Checkout Message;

(iv) whether the Checkout Message represented that CVS was merely collecting Campaign Donation and forwarding them to the ADA;

(v) whether the Checkout Message was material to the Campaign;

(vi) whether CVS intended that customers would rely upon the Checkout Message in deciding whether to make a Campaign Donation;

(vii) whether customers had any reason to believe that the Checkout Message was anything other than true and accurate;

(viii) whether, prior to the Campaign, CVS had made a legally binding commitment to donate $10 million to the ADA during the three-year period of 2021 through 2023;

(ix) whether CVS counted Campaign Donations toward CVS's satisfaction of the CVS Obligation;

(x) whether CVS used Campaign Donations to reimburse itself, or pay down its debt, with respect to the CVS Obligation;

(xi) whether CVS's treatment of, and benefit from, Campaign Donations was materially different than that which CVS had represented to its customers, which was that CVS was merely collecting Campaign Donations and forwarding them to the ADA;

(xii) whether CVS engaged in common-law fraud; and

(xiii) whether CVS violated the consumer-protection statutes that compose the Second Claim for Relief.

## CLAIMS FOR RELIEF

24.    McCabe incorporates, into each Claim for Relief, each and every allegation contained in paragraphs "1" through "16."

## FIRST CLAIM

### [Common-Law Fraud]

25.    CVS engaged in fraud under the common law of the 50 States and the District of Columbia.

26.    As a result of CVS's fraud, McCabe and the other members of the Putative Class are entitled to actual damages.

## SECOND CLAIM

### [Violations of Consumer-Protection Laws]

### ALABAMA

### ALABAMA DECEPTIVE TRADE PRACTICES ACT

### (Ala. Code §§ 8-19-1 - 8-19-15)

27.    CVS violated the Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-1 - 8-19-15, with respect to persons who made Campaign Donations in Alabama (the "Putative Alabama Class Members"); specifically, CVS violated Ala. Code § 8-19-5(27).

28.    The Putative Alabama Class Members are entitled to statutory damages of $100 pursuant to Ala. Code § 8-19-10(a)(1).

29.    The Putative Alabama Class Members are entitled to reasonable legal fees pursuant to Ala. Code § 8-19-10(a)(3).

## ALASKA

### ALASKA UNFAIR TRADE PRACTICES
### AND CONSUMER PROTECTION ACT

### (Alaska Stat. §§ 45.50.471 - 45.50.561)

30.     CVS violated the Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. §§ 45.50.471 - 45.50.561, with respect to persons who made Campaign Donations in Alaska (the "Putative Alaska Class Members"); specifically, CVS violated Alaska Stat. § 45.50.471(b)(11).

31.     The Putative Alaska Class Members are entitled to statutory damages of $500 pursuant to Alaska Stat. § 45.50.531(a).

32.     The Putative Alaska Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Alaska Stat. § 45.50.535(a).

33.     The Putative Alaska Class Members are entitled to reasonable legal fees pursuant to Alaska Stat. § 45.50.537(a).

## ARKANSAS

### ARKANSAS DECEPTIVE TRADE PRACTICES ACT

### (Ark. Code Ann. §§ 4-88-101 - 4-88-117)

36.     CVS violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101 - 4-88-117, with respect to persons who made Campaign Donations in Arkansas (the "Putative Arkansas Class Members"); specifically, CVS violated Ark. Code Ann. §§ 4-88-107(a)(10).

37.     The Putative Arkansas Class Members are entitled to actual damages pursuant to Ark. Code Ann. § 4-88-113(f)(1)(a).

38.     The Putative Arkansas Class Members are entitled to reasonable legal fees pursuant to Ark. Code Ann. § 4-88-113(f)(3).

## CALIFORNIA

## THE CALIFORNIA UNFAIR COMPETITION ACT

### (Calif. Bus & Prof. Code §§ 17200 - 17210)

39.     CVS violated the California Unfair Competition Act, Calif. Bus & Prof. Code §§ 17200 - 17210, with respect to persons who made Campaign Donations in California (the "Putative California Class Members"); specifically, CVS violated Calif. Bus & Prof. Code § 17200.

40.     The Putative California Class Members are entitled to actual damages against CVS pursuant to Calif. Bus & Prof. Code § 17203.

41.     The Putative California Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Calif. Bus & Prof. Code § 17203.

42.     The Putative California Class Members are entitled to reasonable legal fees pursuant to Calif. Code Civ. Proc. § 1021.5.

## CONNECTICUT

## THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

### (Conn. Gen. Stat. §§ 42-110a - 42-110q)

43.     CVS violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a - 42-110q, with respect to persons who made Campaign Donations in Connecticut (the "Putative Connecticut Class Members"); specifically, CVS violated Conn. Gen. Stat. §§ 42-110b(a).

44.     The Putative Connecticut Class Members are entitled to their actual damages pursuant to Conn. Gen. Stat. § 42-110g(a).

45.     The Putative Connecticut Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Conn. Gen. Stat. § 42-110g(d).

46.     The Putative Connecticut Class Members are entitled to reasonable legal fees pursuant to Conn. Gen. Stat. § 42-110g(d).

## <u>DELAWARE</u>

## THE DELAWARE CONSUMER FRAUD ACT

## (6 Del. Code §§ 2511 - 2528)

47.    CVS violated the Delaware Consumer Fraud Act, 6 Del. Code §§ 2511 - 2528, with respect to persons who made Campaign Donations in Delaware (the "Putative Delaware Class Members"); specifically, CVS violated 6 Del. Code § 2513(a).

48.    The Putative Delaware Class Members are entitled to actual damages pursuant to Del. Code § 2525(a).

## <u>DISTRICT OF COLUMBIA</u>

## THE DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT

## (D.C. Code §§ 28-3901 - 3913)

49.    CVS violated the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901 - 3913, with respect to persons who made Campaign Donations in District of Columbia (the "Putative District of Columbia Class Members"); specifically, CVS violated D.C. Code §§ 28-3904(e) and (f).

50.    The Putative District of Columbia Class Members are entitled to statutory damages of $1,500 pursuant to D.C. Code § 28-3901(k)(2)(A)(i).

51.    The Putative District of Columbia Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to D.C. Code § 28-3901(k)(2)(D).

52.    The Putative District of Columbia Class Members are entitled to reasonable legal fees pursuant to D.C. Code § 28-3901(k)(2)(B).

## FLORIDA

## FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

## (Fla. Stat. §§ 501.201 - 501.213)

53.     CVS violated the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. §§ 501.201 - 501.213, with respect to persons who made Campaign Donations in Florida (the "Putative Florida Class Members"); specifically, CVS violated Fla. Stat. § 501.204(1).

54.     The Putative Florida Class Members are entitled to actual damages pursuant to Fla. Stat. § 501.211(2).

55.     The Putative Florida Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Fla. Stat. § 501.211(1).

56.     The Putative Florida Class Members are entitled to reasonable legal fees pursuant to Fla. Stat. § 501.2105(1).

## GEORGIA

## GEORGIA FAIR BUSINESS PRACTICES ACT

## (Ga. Code Ann. §§ 10-1-390 - 10-1-408)

57.     CVS violated the Georgia Fair Business Practices Act, Ga. Code Ann. §§ 10-1-390 - 10-1-408, with respect to persons who made Campaign Donations in Georgia (the "Putative Georgia Class Members"); specifically, CVS violated Ga. Code Ann. §§ 10-1-393(a).

58.     The Putative Georgia Class Members are entitled to actual damages pursuant to Ga. Code. Ann. § 10-1-399(a).

59.     The Putative Georgia Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Ga. Code. Ann. § 10-1-399(a).

60.     The Putative Georgia Class Members are entitled to reasonable legal fees pursuant to Ga. Code. Ann. § 10-1-399(d).

## HAWAII

### PROHIBITION AGAINST UNFAIR AND
### DECEPTIVE ACTS OR PRACTICES

### (Haw. Rev. Stat. §§ 480-1 - 480-24)

61.     CVS violated Hawaii's prohibition against unfair and deceptive acts or practices, Haw. Rev. Stat. §§ 480-1 - 480-24, with respect to persons who made Campaign Donations in District of Columbia (the "Putative District of Columbia Class Members"); specifically, CVS violated Haw. Rev. Stat. § 480-2(a).

62.     The Putative Hawaii Class Members are entitled to statutory damages of $1,000 pursuant to Haw. Rev. Stat. § 480-13(b)(1).

63.     The Putative Hawaii Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Haw. Rev. Stat. § 480-13(b)(2).

64.     The Putative Hawaii Class Members are entitled to reasonable legal fees pursuant to Haw. Rev. Stat. § 480-13(b)(1).

## ILLINOIS

### ILLINOIS CONSUMER FRAUD AND
### DECEPTIVE BUSINESS PRACTICES ACT

### (815 ILCS §§ 505/1 - 505/12)

65.     CVS violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1 - 505/1, with respect to persons who made Campaign Donations in Illinois (the "Putative Illinois Class Members"); specifically, CVS violated 815 ILCS 505/2.

66.     The Putative Illinois Class Members are entitled to actual damages pursuant to 815 ILCS 505/10a(a).

67.     The Putative Illinois Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to 815 ILCS 505/10a(c).

68. The Putative Illinois Class Members are entitled to reasonable legal fees pursuant to 815 ILCS 505/10a(c).

## INDIANA

## INDIANA DECEPTIVE CONSUMER SALES ACT

### (Ind. Code Ann. §§ 24–5–0.5–0.1 - 24–5–0.5–12)

69. CVS violated the Indiana Deceptive Consumer Sales Act, Ind. Code Ann. §§ 24–5–0.5–0.1 - 24–5–0.5–12, with respect to persons who made Campaign Donations in Indiana (the "Putative Indiana Class Members"); specifically, CVS violated Ind. Code Ann. § 24-5-0.5-3(a).

70. The Putative Indiana Class Members are entitled to statutory damages of $500 pursuant to Ind. Code § 24-5-0.5-4(a).

71. The Putative Indiana Class Members are entitled to reasonable legal fees pursuant to Ind. Code Ann. § 24-5-0.5-4(a).

## IOWA

## IOWA CONSUMER FRAUD ACT

### (Iowa Code Ann. §§ 714h.1 - 714h.8)

72. CVS violated the Iowa Consumer Protection Act, Iowa Code Ann. §§ 714h.1 - 714h.8, with respect to persons who made Campaign Donations in Iowa (the "Putative Iowa Class Members"); specifically, CVS violated Iowa Code Ann. § 714h.3(1).

73. The Putative Iowa Class Members are entitled to actual damages pursuant to Iowa Code Ann. § 714h.5(1)

74. The Putative Iowa Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Iowa Code Ann. § 714h.5(1)

75. The Putative Iowa Class Members are entitled to reasonable legal fees pursuant to to Iowa Code Ann. § 714h.5(2).

## KANSAS

### KANSAS CONSUMER PROTECTION ACT

### (Kan. Stat. Ann. §§ 50-623 - 50-643)

76.     CVS violated the Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50-623 - 50-643, with respect to persons who made Campaign Donations in Kansas (the "Putative Kansas Class Members"); specifically, CVS violated Kan. Stat. Ann. §§ 50-636(b)(2) and (3).

77.     The Putative Kansas Class Members are entitled to statutory damages of $10,000 pursuant to Kan. Stat. Ann. § 50-634(b).

78.     The Putative Kansas Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Kan. Stat. Ann. § 50-634(a)(2).

79.     The Putative Kansas Class Members are entitled to reasonable legal fees pursuant to Kan. Stat. Ann. § 50-634(e)(1).

## LOUISIANA

### LOUISIANA UNFAIR TRADE PRACTICES
### AND CONSUMER PROTECTION LAW

### (La. Rev. Stat. §§ 51:1401 - 51:1430)

80.     CVS violated the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. §§ 51:1401 - 51:1430, with respect to persons who made Campaign Donations in Louisiana (the "Putative Louisiana Class Members"); specifically, CVS violated La. Rev. Stat. § 51:1405(A).

81.     The Putative Louisiana Class Members are entitled to actual damages pursuant to La. Rev. Stat. § 51:1409(A).

82.     The Putative Louisiana Class Members are entitled to reasonable legal fees pursuant to La. Rev. Stat. § 51:1409(A).

## MARYLAND

## MARYLAND CONSUMER PROTECTION ACT

### (Md. Code Com. Law §§ 13-101 - 13-501)

83.     CVS violated the Maryland Consumer Protection Act, Md. Code Com. Law §§ 13-101 - 13-501, with respect to persons who made Campaign Donations in Maryland (the "Putative Maryland Class Members"); specifically, CVS violated Md. Code Com. Law § 13-101(1), (3).

84.     The Putative Maryland Class Members are entitled to actual damages pursuant to Md. Code Com. Law §§ 13-408(a).

85.     The Putative Maryland Class Members are entitled to reasonable legal fees pursuant to Md. Code Com. Law §§ 13-408(b).

## MASSACHUSETTS

## MASSACHUSETTS CONSUMER PROTECTION ACT

### (Mass. Gen. Laws Ch. 93a, §§ 1-11)

86.     CVS violated the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ch. 93a, §§ 1-11, with respect to persons who made Campaign Donations in Massachusetts (the "Putative Massachusetts Class Members"); specifically, CVS violated Mass. Gen. Laws Ch. 93a, § 2(a).

87.     The Putative Massachusetts Class Members are entitled to statutory damages of $25 pursuant to Mass. Gen. Laws Ch. 93a, § 9(3).

88.     The Putative Massachusetts Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Mass. Gen. Laws Ch. 93a, § 9(3).

89.     The Putative Massachusetts Class Members are entitled to reasonable legal fees pursuant to Mass. Gen. Laws Ch. 93a, § 9(4).

## MICHIGAN

## MICHIGAN CONSUMER PROTECTION ACT

## (Mich. Comp. Laws §§ 445.901 - 445.922)

90.     CVS violated the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.901 - 445.922, with respect to persons who made Campaign Donations in Michigan (the "Putative Michigan Class Members"); specifically, CVS violated Mich. Comp. Laws § 445.903(1)(s).

91.     The Putative Michigan Class Members are entitled to statutory damages of $5,000 pursuant to Mich. Comp. Laws § 445.911(3).

92.     The Putative Michigan Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Mich. Comp. Laws § 445.911(1)(b).

93.     The Putative Michigan Class Members are entitled to reasonable legal fees pursuant to Mich. Comp. Laws § 445.911(3).

## MINNESOTA

## MINNESOTA PREVENTION OF CONSUMER FRAUD ACT

## (Minn. Stat. §§ 325f.68 - 325f.694)

94.     CVS violated the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325f.68 - 325f.694, with respect to persons who made Campaign Donations in Michigan (the "Putative Minnesota Class Members"); specifically, CVS violated Minn. Stat. §§ 325f.69(1).

95.     The Putative Minnesota Class Members are entitled to actual damages pursuant to Minn. Stat. § 8.31(3)(a).

96.     The Putative Minnesota Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Minn. Stat. § 8.31(3)(a).

97.     The Putative Minnesota Class Members are entitled to reasonable legal fees pursuant to Minn. Stat. § 8.31(3)(a).

## MONTANA

## MONTANA UNFAIR TRADE PRACTICES
## AND CONSUMER PROTECTION ACT

### (Mont. Code Ann. §§ 30-14-101 - 30-14-157)

98.     CVS violated the Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. §§ 30-14-101 - 30-14-157, with respect to persons who made Campaign Donations in Montana (the "Putative Montana Class Members"); specifically, CVS violated Mont. Code Ann. § 30-14-103.

99.     The Putative Montana Class Members are entitled to statutory damages of $500 pursuant to Mont. Code Ann. § 30-14-133(1)(a).

100.    The Putative Montana Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Mont. Code Ann. § 30-14-133(1)(a).

101.    The Putative Montana Class Members are entitled to reasonable legal fees pursuant to Mont. Code Ann. § 30-14-133(3).

## NEBRASKA

## NEBRASKA CONSUMER PROTECTION ACT

### (Neb. Rev. Stat. §§ 59-1601 - 59-1623)

102.    CVS violated the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 - 59-1623, with respect to persons who made Campaign Donations in Nebraska (the "Putative Nebraska Class Members"); specifically, CVS violated Neb. Rev. Stat. § 59-1602.

103.    The Putative Nebraska Class Members are entitled to actual damages pursuant to Neb. Rev. Stat. § 59-1609.

104.    The Putative Nebraska Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Neb. Rev. Stat. § 59-1609.

105.    The Putative Nebraska Class Members are entitled to reasonable legal fees pursuant to Neb. Rev. Stat. § 59-1609.

## NEVADA

### NEVADA DECEPTIVE TRADE PRACTICES ACT

### (Nev. Rev. Stat. §§ 598.0903 - 598.0999)

106.    CVS violated the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598.0903 - 598.0999, with respect to persons who made Campaign Donations in Nevada (the "Putative Nevada Class Members"); specifically, CVS violated Nev. Rev. Stat. § 598.0915(15).

107.    The Putative Nevada Class Members are entitled to actual damages pursuant to Nev. Rev. Stat. § 41.600(3)(a).

108.    The Putative Nevada Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Nev. Rev. Stat. § 41.600(3)(b).

109.    The Putative Nevada Class Members are entitled to reasonable legal fees pursuant to Nev. Rev. Stat. § 41.600(3)(c).

## NEW HAMPSHIRE

### NEW HAMPSHIRE CONSUMER PROTECTION ACT

### (N.H. Rev. Stat. Ann. §§ 358-A:1 - 358-A:13)

110.    CVS violated the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. §§ 358-A:1 - 358-A:13, with respect to persons who made Campaign Donations in New Hampshire (the "Putative New Hampshire Class Members"); specifically, CVS violated N.H. Rev. Stat. Ann. § 358-A:2.

111.    The Putative New Hampshire Class Members are entitled to statutory damages of $1,000 pursuant to N.H. Rev. Stat. Ann. § 358-A:10(I).

112.    The Putative New Hampshire Class Members are entitled to an order enjoining CVS's

unlawful practices pursuant to N.H. Rev. Stat. Ann. § 358-A:10(I).

113.    The Putative New Hampshire Class Members are entitled to reasonable legal fees pursuant to N.H. Rev. Stat. Ann. § 358-A:10(I).

## NEW JERSEY

## NEW JERSEY CONSUMER FRAUD ACT

### (N.J. Stat. Ann. §§ 56:8-1 - 56:8-227)

114.    CVS violated the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 - 56:8-227, with respect to persons who made Campaign Donations in New Jersey (the "Putative New Jersey Class Members"); specifically, CVS violated N.J. Stat. Ann. § 56:8-2.

115.    The Putative New Jersey Class Members are entitled to threefold actual damages pursuant to N.J. Stat. Ann. § 56:8-19.

116.    The Putative New Jersey Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to N.J. Stat. Ann. § 56:8-19.

117.    The Putative New Jersey Class Members are entitled to reasonable legal fees pursuant to N.J. Stat. Ann. § 56:8-19.

## NEW MEXICO

## NEW MEXICO UNFAIR PRACTICES ACT

### (N.M. Stat. Ann. §§ 57-12-1- 57-12-26)

118.    CVS violated the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1- 57-12-26, with respect to persons who made Campaign Donations in New Mexico (the "Putative New Mexico Class Members"); specifically, CVS violated N.M. Stat. Ann. § 57-12-3.

119.    The Putative New Mexico Class Members are entitled to statutory damages of $100 pursuant to N.M. Stat. Ann. § 57-12-10(B).

120.    The Putative New Mexico Class Members are entitled to an order enjoining CVS's

unlawful practices pursuant to N.M. Stat. Ann. § 57-12-10(A).

121.    The Putative New Mexico Class Members are entitled to reasonable legal fees pursuant to N.M. Stat. Ann. § 57-12-10(C).

## NEW YORK

## NEW YORK GENERAL BUSINESS LAW § 349

### (N.Y. Gen. Bus. Law § 349)

122.    CVS violated the N.Y. Gen. Bus. Law § 349, with respect to persons who made Campaign Donations in New York (the "Putative New York Class Members"); specifically, CVS violated N.Y. Gen. Bus. Law § 349(a).

123.    The Putative New York Class Members are entitled to statutory damages of $50 pursuant to N.Y. Gen. Bus. Law § 349(h).

124.    The Putative New York Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to N.Y. Gen. Bus. Law § 349(h).

125.    The Putative New York Class Members are entitled to reasonable legal fees pursuant to N.Y. Gen. Bus. Law § 349(h).

## NORTH CAROLINA

## NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

### (N.C. Gen. Stat. Ann. §§ 75-1 - 75-43)

126.    CVS violated the North Carolina Unfair And Deceptive Trade Practices Act, N.C. Gen. Stat. Ann.§§ 75-1 - 75-43, with respect to persons who made Campaign Donations in North Carolina (the "Putative North Carolina Class Members"); specifically, CVS violated N.C. Gen. Stat. Ann.§ 75-1.1(a).

127.    The Putative North Carolina Class Members are entitled to treble actual damages

pursuant to N.C. Gen. Stat. Ann.§ 75-16.

128.    The Putative North Carolina Class Members are entitled to reasonable legal fees pursuant to N.C. Gen. Stat. Ann.§ 75-16.1(1).

## NORTH DAKOTA

### NORTH DAKOTA UNLAWFUL SALES
### OR ADVERTISING PRACTICES ACT

### (N.D. Cent. Code §§ 51-15-01- 51-15-12)

129.    CVS violated the North Dakota Unlawful Sales or Advertising Practices Act, N.D. Cent. Code §§ 51-15-01- 51-15-12, with respect to persons who made Campaign Donations in North Dakota (the "Putative North Dakota Class Members"); specifically, CVS violated N.D. Cent. Code § 51-15-02.

130.    The Putative North Dakota Class Members are entitled to actual damages pursuant to N.D. Cent. Code § 51-15-09.

131.    The Putative North Dakota Class Members are entitled to reasonable legal fees pursuant to N.D. Cent. Code § 51-15-09.

## OHIO

### OHIO CONSUMER SALES PRACTICES ACT

### (Ohio Rev. Code §§ 1345.01 - 1345.13)

132.    CVS violated the Ohio Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01 - 1345.13, with respect to persons who made Campaign Donations in Ohio (the "Putative Ohio Class Members"); specifically, CVS violated Ohio Rev. Code § 1345.02(A).

133.    The Putative Ohio Class Members are entitled to actual damages pursuant to Ohio Rev. Code § 1345.09(A).

134.    The Putative Ohio Class Members are entitled to an order enjoining CVS's unlawful

practices pursuant to Ohio Rev. Code § 1345.09(D).

135.    The Putative Ohio Class Members are entitled to reasonable legal fees pursuant to Ohio Rev. Code § 1345.09(F)(2).

## OKLAHOMA

## OKLAHOMA CONSUMER PROTECTION ACT

## (15 Okla. St. Ann. §§ 751 - 764.1)

136.    CVS violated the Oklahoma Consumer Protection Act, 15 Okla. St. Ann. §§ 751 - 764.1, with respect to persons who made Campaign Donations in Oklahoma (the "Putative Oklahoma Class Members"); specifically, CVS violated 15 Okla. St. Ann. § 753(20).

137.    The Putative Oklahoma Class Members are entitled to actual damages pursuant to 15 Okla. St. Ann. § 761.1(A).

138.    The Putative Oklahoma Class Members are entitled to reasonable legal fees pursuant to 15 Okla. St. Ann. § 761.1(A).

## OREGON

## OREGON UNLAWFUL TRADE PRACTICES ACT

## (Ore. Rev. Stat. §§ 646.605 - 646.691)

139.    CVS violated the Oregon Unlawful Trade Practices Act, Ore. Rev. Stat. §§ 646.605 - 646.691, with respect to persons who made Campaign Donations in Oregon (the "Putative Oregon Class Members"); specifically, CVS violated Ore. Rev. Stat. § 646.607(1).

140.    The Putative Oregon Class Members are entitled to statutory damages of $200 pursuant to Ore. Rev. Stat. § 646.638(1).

141.    The Putative Oregon Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Ore. Rev. Stat. § 646.638(1).

142.    The Putative Oregon Class Members are entitled to reasonable legal fees pursuant to

Ore. Rev. Stat. § 646.638(3).

<h2 style="text-align:center"><u>SOUTH CAROLINA</u></h2>

<strong>SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT</strong>

<strong>(S.C. Code Ann. §§ 39-5-10 - 39-5-180)</strong>

143.     CVS violated the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 - 39-5-180, with respect to persons who made Campaign Donations in South Carolina (the "Putative South Carolina Class Members"); specifically, CVS violated S.C. Code Ann. § 39-5-20(a).

144.     The Putative South Carolina Class Members are entitled to actual damages pursuant to S.C. Code Ann. § 39-5-140(a).

145.     The Putative South Carolina Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to S.C. Code Ann. § 39-5-140(a).

146.     The Putative South Carolina Class Members are entitled to reasonable legal fees pursuant to S.C. Code Ann. § 39-5-140(a).

<h2 style="text-align:center"><u>SOUTH DAKOTA</u></h2>

<strong>SOUTH DAKOTA DECEPTIVE TRADE<br>PRACTICES AND CONSUMER PROTECTION ACT</strong>

<strong>(S.D. Codified Laws §§ 37-24-1 - 37-24-58)</strong>

147.     CVS violated the South Dakota Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws §§ 37-24-1 - 37-24-58, with respect to persons who made Campaign Donations in South Dakota (the "Putative South Dakota Class Members"); specifically, CVS violated S.D. Codified Laws § 37-24-6(1).

148.     The Putative South Dakota Class Members are entitled to actual damages pursuant to S.D. Codified Laws § 37-24-31.

## TENNESSEE

### TENNESSEE CONSUMER PROTECTION ACT

### (Tenn. Code Ann. §§ 47-18-101 - 47-18-132)

149.     CVS violated the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 - 47-18-132, with respect to persons who made Campaign Donations in Tennessee (the "Putative Tennessee Class Members"); specifically, CVS violated Tenn. Code Ann. § 47-18-104(a).

150.     The Putative Tennessee Class Members are entitled to actual damages pursuant to Tenn. Code Ann. § 47-18-109(a)(1).

151.     The Putative Tennessee Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Tenn. Code Ann. § 47-18-109(a)(3).

152.     The Putative Tennessee Class Members are entitled to reasonable legal fees pursuant to Tenn. Code Ann. § 47-18-109(e)(1).

### TEXAS

### TEXAS DECEPTIVE TRADE PRACTICES
### ACT – CONSUMER PROTECTION ACT

### (Tex. Bus. & Com. Code §§ 17.41 - 17.63)

153.     CVS violated the Texas Deceptive Trade Practices Act – Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41 - 17.63, with respect to persons who made Campaign Donations in Texas (the "Putative Texas Class Members"); specifically, CVS violated Tex. Bus. & Com. Code § 17.46(a).

154.     The Putative Texas Class Members are entitled to actual damages pursuant to Tex. Bus. & Com. Code § 17.50(b)(1).

155.     The Putative Texas Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Tex. Bus. & Com. Code § 17.50(b)(2).

22

156.     The Putative Texas Class Members are entitled to reasonable legal fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

## UTAH

## UTAH CONSUMER SALES PRACTICES ACT

## (Utah Code Ann. §§ 13-11-1 - 13-11-23)

157.     CVS violated the Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-1 - 13-11-23, with respect to persons who made Campaign Donations in Utah (the "Putative Utah Class Members"); specifically, CVS violated Utah Code Ann. §§ 13-11-4(1).

158.     The Putative Utah Class Members are entitled to statutory damages of $2,000 pursuant to Utah Code Ann. § 13-11-19(2).

159.     The Putative Utah Class Members are entitled to an order enjoining CVS's unlawful practices pursuant to Utah Code Ann. § 13-11-19(1)(b).

160.     The Putative Utah Class Members are entitled to reasonable legal fees pursuant to Utah Code Ann. § 13-11-19(5)(b).

## VERMONT

## VERMONT CONSUMER FRAUD ACT

## (9 Vt. Stat. Ann. §§ 2451 - 2466c)

161.     CVS violated the Vermont Consumer Fraud Act, 9 Vt. Stat. Ann. §§ 2451 - 2466c, with respect to persons who made Campaign Donations in Vermont (the "Putative Vermont Class Members"); specifically, CVS violated 9 Vt. Stat. Ann. § 2453(a).

162.     The Putative Vermont Class Members are entitled to statutory damages of $2,000 pursuant to 9 Vt. Stat. Ann. § 2461(b).

163.     The Putative Vermont Class Members are entitled to an order enjoining CVS's

unlawful practices pursuant to 9 Vt. Stat. Ann. § 2461(b).

164.    The Putative Vermont Class Members are entitled to reasonable legal fees pursuant to 9 Vt. Stat. Ann. § 2461(b).

## VIRGINIA

### VIRGINIA CONSUMER PROTECTION ACT

### (Va. Code §§ 59.1-196- 59.1-207)

165.    CVS violated the Virginia Consumer Protection Act, Va. Code §§ 59.1-196-59.1-207, with respect to persons who made Campaign Donations in Virginia (the "Putative Virginia Class Members"); specifically, CVS violated Va. Code § 59.1-200(14).

166.    The Putative Virginia Class Members are entitled to statutory damages of $500 pursuant to 9 Va. Code § 59.1-204(A).

167.    The Putative Virginia Class Members are entitled to reasonable legal fees pursuant to 9 Va. Code § 59.1-204(B).

## WASHINGTON

### WASHINGTON CONSUMER PROTECTION ACT

### (Rev. Code Wash. Ann. §§ 19.86.010 - 19.86.920)

168.    CVS violated the Washington Consumer Protection Act, Rev. Code Wash. Ann. §§ 19.86.010 - 19.86.920, with respect to persons who made Campaign Donations in Washington (the "Putative Washington Class Members"); specifically, CVS violated Rev. Code Wash. Ann. § 19.86.020.

169.    The Putative Washington Class Members are entitled to actual damages pursuant to Rev. Code Wash. Ann. § 19.86.090.

170.    The Putative Washington Class Members are entitled to an order enjoining CVS's

unlawful practices pursuant to Rev. Code Wash. Ann. § 19.86.090.

171.   The Putative Washington Class Members are entitled to reasonable legal fees pursuant to Rev. Code Wash. Ann. § 19.86.090.

## WISCONSIN

## WISCONSIN DECEPTIVE TRADE PRACTICES ACT

### (Wis. Stat. § 100.18)

172.   CVS violated the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18, with respect to persons who made Campaign Donations in Wisconsin (the "Putative Wisconsin Class Members"); specifically, CVS violated Wis. Stat. § 100.18(1).

173.   The Putative Wisconsin Class Members are entitled to actual damages pursuant to Wis. Stat. § 100.18(11)(b)(2).

174.   The Putative Wisconsin Class Members are entitled to reasonable legal fees pursuant to Wis. Stat. § 100.18(11)(b)(2).

## WYOMING

## WYOMING CONSUMER PROTECTION ACT

### (Wyo. Stat. §§ 40-12-101 - 40-12-114)

175.   CVS violated the Wyoming Consumer Protection Act, Wyo. Stat. §§ 40-12-101 - 40-12-114, with respect to persons who made Campaign Donations in Wyoming (the "Putative Wyoming Class Members"); specifically, CVS violated Wyo. Stat. § 40-12-105(a)(xv).

176.   The Putative Wyoming Class Members are entitled to actual damages pursuant to Wyo. Stat. § 40-12-108(a).

177.   The Putative Wyoming Class Members are entitled to reasonable legal fees pursuant to Wyo. Stat. § 40-12-108(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

(a)    Awarding, to Plaintiff and the other members of the Putative Class, damages as a result of Defendant's fraud under the common law of the 50 States and the District of Columbia;

(b)    Awarding, to Plaintiff and the other members of the Putative Class, the relief available under the Putative Class members' respective consumer-protection statutes; and

(c)    Awarding, to Plaintiff and the other members of the Putative Class, the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: May 26, 2022

Respectfully submitted,

 s/ *Todd C. Bank*

TODD C. BANK
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*