UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

KEVIN McCABE,

                *Plaintiff*,

       -against-

CVS HEALTH CORPORATION and CVS
PHARMACY, INC.,

                *Defendants*.

---------------------------------------------------------------

No. 1:22-cv-3116 (RPK)


# SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

ZUKERMAN GORE BRANDEIS
  & CROSSMAN, LLP
Edward L. Powers
Florence M. Craig
Vyasa M. Murthy
Eleven Times Square
New York, New York 10036
Telephone: (212)-223-6700

*Attorneys for Defendants CVS Health
Corporation and CVS Pharmacy, Inc.*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT ................................................................................................................................... 1

    I.  Plaintiff's Fraud and Section 349 Claims Should be Dismissed Because
       They Fail to Allege a Legally Cognizable Injury ............................................................. 1

CONCLUSION ................................................................................................................................ 5

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................................... 4, 5

*Baron v. Pfizer, Inc.,*
  42 A.D.3d 627 (2d Dep't 2007) ............................................................................ 4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .............................................................................................. 5

*Dimond v. Darden Rests., Inc.,*
  No. 13 Civ. 5244 (KPF), 2014 WL 3377105 (S.D.N.Y. July 9, 2014) ...................... 3

*Frank v. DaimlerChrysler Corp.,*
  741 N.Y.S.2d 9 (1st Dep't 2002) ........................................................................... 4

*Pittman v. Chick-fil-A, Inc.,*
  21 Civ. 8041 (VM), 2022 WL 2967586 (July 27, 2022 S.D.N.Y) ........................... 3

*Samiento v. World Yacht Inc.,*
  10 N.Y.3d 70 (2008) .......................................................................................... 2, 3

*Small v. Lorillard Tobacco Co., Inc.,*
  94 N.Y.2d 43 (1999) ................................................................................... 1, 2, 3, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1

Fed. R. Civ. P. 9(b) ............................................................................................... 1

New York General Business Law Section 349 .............................................. 1, 2, 3, 4

Defendants CVS Health Corporation and CVS Pharmacy, Inc. (collectively, "CVS"), by their counsel, Zukerman Gore Brandeis & Crossman, LLP, submit this supplemental memorandum of law in support of their motion to dismiss the Amended Complaint ("AC") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).[1]

## PRELIMINARY STATEMENT

New York General Business Law Section 349 ("Section 349") and New York common law fraud claims must allege a legally cognizable injury. It is well settled that a plaintiff cannot allege injury simply by claiming that she would not have bought a product or service but for the alleged deception. Here, the AC merely alleges that if plaintiff McCabe had known the information CVS allegedly failed to disclose, he would not have made his donation to the American Diabetes Association (the "ADA") at the CVS checkout screen. As demonstrated below, this does not meet the actual injury pleading requirement under New York law.

## ARGUMENT

### I. PLAINTIFF'S FRAUD AND SECTION 349 CLAIMS SHOULD BE DISMISSED BECAUSE THEY FAIL TO ALLEGE A LEGALLY COGNIZABLE INJURY

To state viable fraud claims pursuant to Section 349 and New York common law, a plaintiff must allege an actual legally cognizable injury as a result of the fraud or the misleading and deceptive act. *Small v. Lorillard Tobacco Co., Inc.,* 94 N.Y.2d 43, 55-57 (1999).

The New York Court of Appeals has made clear that it is legally impermissible to use the alleged deception itself to satisfy both the deceptive act and the injury requirements

---

[1]     CVS's Memorandum of Law in Support of Defendants' Motion to Dismiss is referred to as the "Opening Memorandum" or "Mem" and the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss is referred to as the "Reply." Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss is referred to herein as the "Opposition" or "Opp."

under Section 349. *Small*, 94 N.Y.2d at 56. In *Small*, a putative class of plaintiffs asserted claims against cigarette manufacturers, alleging claims for, *inter alia*, fraud, and deceptive business practices under Section 349. *Id*. at 53. Plaintiffs alleged that defendants deceived them about the addictive properties of cigarettes and fraudulently induced them to purchase and continue to smoke cigarettes. *Id*. at 56.

In response to a motion to dismiss, plaintiffs argued that they had suffered an injury because "defendants' deception prevented them from making free and informed choices as consumers." *Id*. Plaintiffs asserted that "had they known that nicotine was addictive, they never would have purchased cigarettes," and that "consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349." *Id*.

The Court of Appeals rejected plaintiffs' induced-to-purchase theory of injury and found:

> ***Plaintiffs' definition of injury is legally flawed***. ***Their theory contains no manifestation of either pecuniary or "actual" harm***; plaintiffs do not allege that the cost of cigarettes was affected by the alleged misrepresentation, nor do they seek recovery for injury to their health as a result of their ensuing addiction. Indeed, they chose expressly to confine the relief sought solely to monetary recoupment of the purchase price of the cigarettes. Plaintiffs' cause of action under this statute, as redefined by the trial court and as embraced by them, thus ***sets forth deception as both act and injury***.

*Id*. at 57 (emphasis added). The Court of Appeals affirmed dismissal of plaintiffs' claims. *Id*.

Like the plaintiffs in *Small*, McCabe alleges that he and the other putative class members were injured because, but for CVS's alleged deceptive conduct, they would not have made a donation to the ADA. Under *Small*, plaintiff has not alleged a legally cognizable injury. *Id*.

Any argument that *Small* should not apply here is foreclosed by the Court of Appeals' subsequent decision in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008). There, plaintiffs were restaurant servers on New York-based dining cruises who claimed their employers failed to

properly remit to plaintiffs the money collected from customers as gratuities or service charges. *Id*. at 74. Plaintiffs asserted that defendants had violated Section 349 by misrepresenting to customers that: (1) the 20% service charge would be remitted to employees; (2) ticket prices included a gratuity; and (3) upon purchasing a ticket for a special event cruise, an automatic gratuity is added to the price of the ticket. *Id*. at 76. Citing *Small*, the Court of Appeals held that plaintiffs had not alleged a cognizable legal injury:¶

> Since ***plaintiffs here cannot show how World Yacht's customers suffered a detriment by agreeing to pay the service charges, the automatic gratuities, or the added gratuities,*** plaintiffs failed to establish a prima facie claim under General Business Law § 349 and therefore plaintiffs' second cause of action was properly dismissed.

*Id*. at 81 (emphasis added) (citing *Small*).

In *Samiento*, the gratuities customers intended to go to plaintiffs were never paid. Instead, defendants kept the funds. By comparison, McCabe *concedes* that the donations he and others intended to go to the ADA were in fact transmitted by CVS to the ADA. (AC ¶ 33). Under *Samiento*, McCabe and his putative class members suffered no legally cognizable injury.[2]

Courts routinely dismiss Section 349 claims where the injury alleged is that plaintiff was deceived into purchasing the product or service. *See e.g., Pittman v. Chick-fil-A, Inc.*, 21 Civ. 8041 (VM), 2022 WL 2967586 at *6 (July 27, 2022 S.D.N.Y) ("where a plaintiff merely believes she was deceived into purchasing the product and spending what she did, and there [are] no allegations related to the value of the purchased product, or how the product fell short of what it purported to be, a Section 349 claim fails"); *Dimond v. Darden Rests., Inc*., No. 13 Civ. 5244 (KPF), 2014 WL 3377105 at *9 (S.D.N.Y. July 9, 2014) (Section 349 claim over fixed 18% gratuity dismissed; "[p]laintiff has failed to allege an actual or pecuniary harm, as required under

---

[2]     Plaintiff elsewhere alleges that only a portion of his donation may reach the ADA (AC ¶ 70), but that contention is contradicted by the express terms of the operative agreement between CVS and the ADA (the "ADA Agreement"). (*See* Mem. 7-9; 12-13; Reply 4-5).

§ 349, that is separate and apart from the alleged deception itself"); *Baron v. Pfizer, Inc.*, 42 A.D.3d 627, 629 (2d Dep't 2007) (Section 349 dismissed where plaintiff sought refund of drug purchase price claiming she would not have bought it absent defendant's deceptive practices).

Courts likewise dismiss fraud claims on the same grounds. *Small* 94 N.Y.2d at 57 ("failure to present a legally cognizable injury [on GBL § 349 claim] also renders [plaintiff's] common-law fraud[] . . . claims insufficient on their face"); *Frank v. DaimlerChrysler Corp.*, 741 N.Y.S.2d 9, 17 (1st Dep't 2002) (relying on *Small* to dismiss Section 349, fraud, and negligent misrepresentation claims for lack of actual injury).

As discussed above, the injury alleged by McCabe is based on the same "induced-to-purchase" theory rejected in *Small*. The AC alleges that McCabe is a "**victim of CVS's Fraud**" because "[i]f McCabe had known that at least a portion of his Campaign Donation would not be given to the ADA, he would have not made that portion of his Campaign Donation if possible, or would not have made his Campaign Donation at all." (AC ¶ 70 (emphasis added); *see also* AC ¶ 41(Customers would have been "less likely" to make a donation)). Preliminarily, the allegation may be disregarded: CVS is not permitted to retain a portion of donations, as confirmed by the express language of the ADA Agreement, which controls. (*See supra*, n. 2). Regardless, McCabe's "inducement" claim has been squarely rejected by New York courts.

Finally, McCabe's allegation that Campaign Donations are not tax deductible (AC ¶¶ 59-60) does not rise to the level of injury for several reasons. First, the allegation is merely McCabe's speculative conclusion based upon his demonstrably false allegation that there is a CVS Debt to the ADA. (Mem. 6-10, 13; Reply 3-4). Second, the allegation of non-tax deductibility amounts to a legal conclusion that the Court need not accept as true on this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of

the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Third, McCabe alleges *no facts* to support his allegation.  In both his original and amended complaints, McCabe never claimed that he was unable to take a tax deduction or that the Internal Revenue Service rejected the deduction. To the contrary, McCabe concedes that he received a receipt from CVS that listed the amount of his donation and the ADA's EIN number for tax deduction purposes. (AC ¶¶ 55-56, 58). Finally, McCabe concedes that CVS turned over its customers' donations to the ADA. (AC ¶ 33). McCabe's implausible, fact-free speculative allegation based upon a non-existent debt may be disregarded.  *See Twombly,* 550 U.S. at 570*; Iqbal,* 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons and those set forth in the Opening Memorandum and Reply, the Amended Complaint should be dismissed with prejudice.

Dated:     New York, New York
               September 20, 2023

ZUKERMAN, GORE, BRANDEIS
   & CROSSMAN, LLP

By:     */s/ Edward L. Powers*
          Edward L. Powers
          Florence M. Craig
          Vyasa M. Murthy
        Eleven Times Square
        New York, New York 10036
        Telephone: (212) 223-6700
        epowers@zukermangore.com
        fcraig@zukermangore.com
        vmurthy@zukermangore.com

*Attorneys for Defendants CVS Health Corporation and CVS Pharmacy, Inc.*