TODD C. BANK, ATTORNEY AT LAW, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

www.toddbanklaw.com                                    tbank@toddbanklaw.com

September 20, 2023

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Attn.: Judge Rachel P. Kovner

>   Re:   Kevin McCabe v. CVS Health Corporation, *et al.*
>         Case 1:22-cv-03116-RPK-RML

Dear Judge Kovner:

    On behalf of the plaintiff in the above-referenced matter, I request a conference regarding the plaintiff's potential motion to file a second amended complaint, in which the plaintiff would add causes of action for: (i) money had and received; and (ii) unjust enrichment.

    The elements of a claim for money had and received are that "(1) defendant received money belonging to plaintiff; (2) defendant benefitted from receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money," *Shak v. Adelphi University*, 549 F. Supp. 3d 267, 275 (E.D.N.Y. 2021) (citation and quotation marks omitted); and, "[a]s with unjust enrichment, there is no claim for money had and received where a contract covers the same subject matter for which relief is sought." *Id.* (citation and quotation marks omitted).

    As noted in *St. Martinus University, N.V. v. SMU LLC*, No. 21-cv-1888, 2023 WL 2969284, (E.D.N.Y. Mar. 9, 2023), "[t]he basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Id.* at *17 (citation and quotation marks omitted). However, such a claim "does not apply where it simply duplicates, or replaces, a conventional contract or tort claim." *Id.* (citation and quotation marks omitted).

    Accepting, as true, the allegations of the Amended Complaint, it is clear that, in the event of dismissal the contract claim, McCabe should be able to assert a cause of action for money had and received, and that, in the event of dismissal of the contract and fraud claims, McCabe should be able to assert a cause of action for unjust enrichment.

Sincerely,

  s/ *Todd C. Bank*

Todd C. Bank

TCB/bd