TODD C. BANK, ATTORNEY AT LAW, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

www.toddbanklaw.com                                tbank@toddbanklaw.com

September 21, 2023

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Attn.: Judge Rachel P. Kovner

  Re: Kevin McCabe v. CVS Health Corporation, *et al.*
    Case 1:22-cv-03116-RPK-RML

Dear Judge Kovner:

  On behalf of the plaintiff, Kevin McCabe ("McCabe"), in the above-referenced matter, I briefly address two of the cases upon which Defendants rely in their supplemental memorandum of law (Dkt. No. 23): *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), and *Dimond v. Darden Rests., Inc.*, No. 13-cv-5244, 2014 WL 3377105 (S.D.N.Y. July 9, 2014). In *Samiento*, the supreme court, whose dismissal of the plaintiffs' claim under New York General Business Law ("GBL") Section 349 was upheld, the court explained: "the plaintiffs do not claim that the defendants' alleged deceptive conduct has been detrimental to World Yacht customers. Indeed, the charge for service or gratuities which was added to the patrons' bill was paid by them in lieu of a voluntary gratuity which they *otherwise would have paid* to the wait staff. The *mere possibility* that some patrons *may* have paid the staff less as a voluntary gratuity than they paid to the defendants involuntarily is entirely speculative and cannot, by itself support the assertion of a GBL § 349 claim." *Samiento v. World Yacht Inc.*, No. 117224/05, 2006 WL 5111026 (N.Y. Supr. Ct. Aug. 18, 2006) (emphases added).

  In *Dimond*, the court, like the supreme court in *Samiento*, reasoned that, "in New York City gratuities of between 18% and 20% are not uncommon practice, thereby undercutting Plaintiff's argument that patrons were deceptively tricked into paying a gratuity that they *would not otherwise have paid*." *Dimond*, 2014 WL 3377105 at *8 (emphasis added).

  Unlike in *Samiento* and *Dimond*, McCabe has not engaged in such speculation. Rather, he alleges, *inter alia*, that, "[i]f McCabe had known that at least a portion of his Campaign Donation would not be given to the ADA, he would have not made that portion of his Campaign Donation if possible, or would not have made his Campaign Donation at all." Am. Compl. (Dkt. No. 13), ¶ 70.

Sincerely,

 s/ ***Todd C. Bank***

Todd C. Bank

TCB/bd