# ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP

Eleven Times Square  
New York, New York 10036  
212.223.6700  
212.223.6433 *fax*  
www.zukermangore.com

**EDNY ECF**  September 25, 2023

Honorable Rachel P. Kovner  
United States District Judge  
United States District Court, E.D.N.Y.  
225 Cadman Plaza East  
Brooklyn, New York 11201

**Re:** *McCabe v. CVS Health Corp. and CVS Pharmacy, Inc.,* **Case No. 1:22-CV-3116**

Dear Judge Kovner:

We represent defendants CVS Health Corporation and CVS Pharmacy, Inc. (collectively "CVS") in this action. We write in response to the September 20, 2023 letter from Todd Bank, counsel to plaintiff, requesting a pre-motion conference (hereinafter, the "PMC Letter"). We respectfully submit that the proposed new claims and allegations described in the Bank Letter and the altogether different proposed Second Amended Complaint ("SAC") attached as Exhibit A to plaintiff's September 20, 2023 Supplemental Memorandum of Law In Opposition to Defendants' Motion to Dismiss (the "McCabe Mem.") are frivolous, fail to state a claim as a matter of law, and do not cure the deficiencies of the Amended Complaint (the "AC"). Thus, the proposed amendments would be futile and a motion to amend should be denied.

Plaintiff's proposed new allegations are contradicted by his central theme of liability in each of his pleadings. As Your Honor knows, in CVS's agreement with the American Diabetes Association (the "ADA"), CVS pledged that, if customer donations in 2022-2024 did not total $10 million, CVS would donate the shortfall. On that basis, McCabe and his counsel have devised a baseless theory that in signing the ADA Agreement, CVS assumed an immediate debt of $10 million (defined as the "CVS Debt" in the AC) and – most important for the purposes of the instant request to file another amended pleading – that CVS has been paying off that obligation by turning over customer donations to the ADA.[1] (AC ¶¶ 24-30). The proposed SAC repeats all of these allegations. (SAC ¶¶ 24-30).

Now, however, McCabe wants to amend to maintain that theory while also alleging the opposite, that CVS has *retained* its customer donations, meaning they have not been transmitted to the

---

[1] As CVS has detailed in its motion to dismiss, under both legal and accounting principles (that plaintiff has not challenged), by entering into the operative agreement with the ADA (the "ADA Agreement"), CVS did not incur a debt to the ADA, but rather a contingent obligation that would never be triggered if the ADA received $10 million or more in customer donations. (*See* Dkt. 20, CVS Mem. 6-10). Pursuant to the ADA Agreement and its amendment, all amounts donated by CVS customers must be turned over to the ADA. (*Id*. at 2-4, 6-7).

ADA. McCabe cannot have it both ways. His request to amend is simply a desperate counter-factual attempt to end-run dismissal of his AC and substitute equally flawed new claims.

**The First Proposed SAC**. By order dated September 12, 2023 (the "Order"), the Court invited the parties to submit supplemental briefing addressing a specific question: whether plaintiff's common-law fraud and NYGBL claims should be dismissed for failure to state a cognizable injury under New York law. The McCabe Supplemental Memorandum, however, goes beyond the Court's Order to request leave to file the SAC that McCabe attached to his memorandum as Exhibit A. (McCabe Supp. Mem. 3-5 and Exh. A). Although no redline showing the proposed changes was provided, it appears that the only new principal text is the addition of the word "meaningfully" in paragraph 71 and a new paragraph 72:

> McCabe was injured because, as a result of CVS's misrepresentation, at least a portion of his Campaign Donation was not meaningfully given to the ADA, such that he did not receive that for which he paid.

This proposed addition to the pleading is a non-starter for a series of reasons. *First*, it is contrary to McCabe's own pleadings, as discussed above. As McCabe has repeatedly conceded, CVS has collected Campaign Donations and forwarded them to the ADA. *See* Dkt 1, Compl. ¶ 33; Dkt 13, AC ¶ 33; Dkt. 24, Exh. A to McCabe Supp. Mem., SAC ¶ 33.

The McCabe Mem. attempts to ground the proposed new allegation on correspondence from CVS's counsel to the Court. McCabe asserts:

> [T]o be sure, none of McCabe's "donation" meaningfully went to the ADA. *See* Def. Letter dated Sept. 20 [sic], 2022 (Dkt. No. 14)" [in which] "CVS Health confirm[ed] that the donations did not total $10 million . . .."

(McCabe Supp. Mem. 3). This deceptive contention is a non-sequitur. The quoted language from the CVS correspondence does not have anything to do with the transmittal of customer donations to the ADA. But the rest of the quoted sentence – which McCabe elects to omit – certainly does:

> CVS Health confirms that the donations did not total $10 million *and that all amounts raised in the Campaign were timely transmitted by CVS Health to the ADA*, just as all amounts raised in the future will be so transmitted to the ADA.

(Dkt. 14 at 3; emphasis added).

*Second*, the proposed amendment does not change the outcome under *Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 55-57 (1999). Plaintiff continues to allege that but for the supposed deceptive conduct of CVS, he would not have made all or part of his donation. *See* Exh. A, SAC ¶¶ 42, 71. Under *Small*, plaintiff has no legally cognizable injury. Adding a paragraph alleging that plaintiff "did not receive that for which he paid" – particularly when it is undisputed that his donation to the ADA was given to the ADA – does not revive the claims foreclosed by *Small*.

*Third*, the proposed amendment does not change the outcome under *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008). As discussed in the CVS Supplemental Memorandum (Dkt. 33), in *Samiento* the customers paid amounts styled as gratuities for the plaintiff restaurant servers, but

the funds were instead retained by defendants. Yet the New York Court of Appeals held that plaintiffs suffered no cognizable injury under *Small* and affirmed dismissal of the NYGBL Section 349 claim.[2]

For these reasons, a motion to amend to file Exhibit A to the McCabe Mem. should be denied as futile. *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC,* 783 F.3d 383, 389 (2d Cir. 2015) ("Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the [FRCP]").

**The Second Proposed Amendment to the AC.** Plaintiff's PMC Letter was filed immediately after the McCabe Mem. McCabe requests a pre-motion conference to discuss amendment to add causes of action under New York law for (1) money had and received and (2) unjust enrichment. He does not mention his proposed SAC attached as Exhibit A to the McCabe Mem., which inexplicably does not include the proposed two new causes of action. Regardless, a motion to add these two new claims, both grounded in equity, would also fail on futility grounds.

As the PMC Letter acknowledges, a money had and received claim requires a finding that the defendant has kept the money at issue and should not be permitted to do so. As discussed above and as McCabe concedes, CVS has not kept the money. This claim would be futile.

Similarly, an unjust enrichment claim requires a finding that defendant was enriched at plaintiff's expense, and that "equity and good conscience militate against permitting defendant *to retain* what plaintiff is seeking to recover." PMC Letter (emphasis added). But McCabe concedes that CVS has not retained customer donations, which have gone to the ADA. CVS was not enriched.

Under the ADA Agreement, CVS is undertaking a diabetes education and ADA fundraising campaign, which includes CVS's pledge that the ADA will receive a minimum of $10 million in donations. It is not uncommon for a fundraiser to agree to donate in the event a threshold amount is not reached. In these circumstances, equity and good conscience militate in favor of CVS.

For the foregoing reasons, plaintiff's proposed motion to amend should be denied.

Respectfully,

/s/ Edward L. Powers

Edward L. Powers

cc: Todd C. Bank (counsel to plaintiff)

---

[2] This Court's Order did not provide for further briefing. Nevertheless, plaintiff filed a "reply" letter on September 21, 2023, which does not help plaintiff's position. Plaintiff attempted to distinguish the Court of Appeals' decision in *Samiento* by quoting from the trial court's order dismissing the Section 349 claim. Dkt. 26, *citing Samiento v. World Yacht Inc.*, No. 117224/05, 2006 WL 5111026 (Sup. Ct. N.Y. Cty. Aug. 18, 2006). The trial court's views regarding defendants' customers could just as easily be said about CVS's customers. Regardless, it is the Court of Appeals' holding, and its reliance on *Small*, that controls. That decision affirmed the Appellate Division's finding that the Section t21349 claim "was properly dismissed for failure to allege injury to plaintiffs themselves, as well as injurious deception toward defendants' patrons." *Samiento*, 38 A.D.3d 328, 329 (1st Dep't 2007) (citations omitted).