**TODD C. BANK, ATTORNEY AT LAW, P.C.**
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

www.toddbanklaw.com                                              tbank@toddbanklaw.com

September 26, 2023

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Attn.: Judge Rachel P. Kovner

    Re:    Kevin McCabe v. CVS Health Corporation, *et al.*
             Case 1:22-cv-03116-RPK-RML

Dear Judge Kovner:

      On behalf of the plaintiff, Kevin McCabe ("McCabe"), in the above-referenced matter, I hereby respond to the letter (Dkt. No. 27) by Defendants (collectively, "CVS") that responded to McCabe's request (Dkt. No. 25, which CVS calls the "Bank Letter") for a conference regarding McCabe's potential motion to file a second amended complaint.

      CVS claims that "the proposed Second Amended Complaint ('SAC') attached as Exhibit A to plaintiff's September 20, 2023 Supplemental Memorandum of Law [(Dkt. No. 24)]" is "altogether different" than the Amended Complaint (Dkt. No. 13). Def. Ltr. at 1. On the contrary, the allegations are virtually identical.

      CVS contends that, "Plaintiff's proposed new allegations are contradicted by his central theme of liability in each of his pleadings," *id.*, because "CVS has been paying off [its] obligation by turning over customer donations to the ADA," *id.*, whereas "McCabe wants to amend to maintain that theory while also alleging the opposite, that CVS has *retained* its customer donations, meaning they have not been transmitted to the ADA." *Id.* at 2-3 (emphasis by CVS). As McCabe has alleged from the outset of this case, and continues to allege, CVS used the "donations" for its own benefit, *i.e.*, to pay down the CVS Debt, which is why he may, absent tort and contact, claims, make claims for money had and received and unjust enrichment.

      CVS argues that there can be no liability, because "all amounts raised in the Campaign were timely transmitted by CVS Health to the ADA." *Id.* at 2. However, that does not change the fact that the amount of "donations" up to ten million dollars resulted in the reduction of the CVS Debt by the "donated" amount. CVS argues that, "McCabe and his counsel have devised a baseless theory that in signing the ADA Agreement, CVS assumed an immediate debt of $10 million (defined as the 'CVS Debt' in the AC) and – most important for the purposes of the instant request to file another amended pleading – that CVS has been paying off that obligation by turning over customer donations to the ADA." *Id.* at 1. However, as with debts in general, the fact that the CVS Debt must be satisfied by

a certain date does not negate that debt's existence.

CVS similarly contends that, "[a]s CVS has detailed in its motion to dismiss, under both legal and accounting principles (that plaintiff has not challenged), by entering into the . . . ADA Agreement . . ., CVS did not incur a debt to the ADA, but rather a contingent obligation that would never be triggered if the ADA received $10 million or more in customer donation." *Id.* at 1, n.1. However, those principles, *see* Def. Mem. of Law in Support of Dismissal Motion (Dkt. No. 20), do not change the fact that the CVS Debt existed even though CVS might never actually have to make the payment, *i.e.*, just like any debt that might ultimately be satisfied by a third party.

CVS complains that McCabe, in attaching a proposed amended complaint to his supplemental memorandum of law, "goes beyond the Court's Order," *Id.* at 2, but that the proposal "inexplicably does not include the proposed two new causes of action." *Id.* at 3. Not only did McCabe believe that a separate filing should be made that includes the two new (potential) causes of action, but CVS does not even contend that it was somehow prejudiced by this.

CVS contends that, "the proposed amendment does not change the outcome under *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008)," *id.* at 2, but does not refute the analysis that McCabe provided in his letter (Dkt. No. 20) dated September 21, 2023, other than to claim that, "[t]he trial court's views regarding defendants' customers could just as easily be said about CVS's customers." *Id.* at 3, n.2. That, however, is manifestly untrue, as McCabe has alleged throughout this litigation and continues to allege.

Finally, CVS contends that, "[i]t is not uncommon for a fundraiser to agree to donate in the event a threshold amount is not reached." *Id.* at 3. Whether this is true or not (CVS does not provide any examples), it is irrelevant here.

Sincerely,

　s/ *Todd C. Bank*

Todd C. Bank

TCB/bd